UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROLAND L. CURETON                                                PETITIONER

v.                                                          NO. 3:09CV-268-C

DAVE DONAHUE, WARDEN                                  RESPONDENT

**REPORT AND RECOMMENDATION**

This matter is before the court on Roland L. Cureton's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The respondent, Dave Donahue, Warden, moves to dismiss the petition on grounds that it is time-barred and that it is a successive habeas corpus application, § 2244. The court referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For reasons stated below, the magistrate judge recommends dismissing the petition as time-barred.

**I. FINDINGS OF FACT**

1) The petitioner challenges a state judgment of conviction dated July 24, 1996. A jury found Cureton guilty of fraudulent use of a debit card, and the Jefferson Circuit Court sentenced Cureton to serve five years in prison, a sentence which was enhanced to a twenty-year term based on his status as a persistent felony offender, first degree. Cureton appealed, and the Supreme Court of Kentucky affirmed on October 23, 1997.[1]

2) On October 22, 1998, Cureton filed a post-conviction motion to vacate the conviction under Kentucky Rule of Criminal Procedure 11.42. The trial court denied the motion, the Kentucky Court of Appeals affirmed, and the Supreme Court of Kentucky denied

---

[1] Exhibit to Mot. to Dismiss, opinion in *Cureton v. Chandler* (document 10-4), Jan. 8, 2002.

discretionary review on May 16, 2001.[2]

3) Cureton filed a petition for a writ of habeas corpus under § 2254 in this federal court, which entered judgment dismissing the petition with prejudice on November 9, 2001. *Ronald L. Cureton v. Steve Haney, Warden*, 3:00CV-P810(S).

4) On June 8, 2001, Cureton filed a second petition for a writ of habeas corpus under § 2254 in this federal court, which again dismissed the petition with prejudice on February 1, 2002. *Ronald Lavern Cureton v. Larry Chandler, Warden*, 3:01CV-P353-H.

5) Cureton filed the present petition by placing it in the prison mail system on April 10, 2009.

## II. CONCLUSIONS OF LAW

6) State prisoners must petition for federal habeas corpus relief, as a general rule, within a one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) (providing that other circumstances may trigger the clock at a later date, none of which are applicable here).

7) Even after the one-year limitation period begins to run, certain post-conviction proceedings in state court will toll the statute. *See* § 2244(d)(2). However, the "tolling provision does not ... revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitation[] period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.

---

[2]*Id.*

2003) (internal quotations omitted).

8) The Supreme Court of Kentucky denied Cureton's motion for collateral relief in May, 2001. The magistrate judge concludes this petition clearly falls outside the one-year limitation period, § 2244.

9) The issue remains whether the doctrine of equitable tolling should be applied in this case. To equitably toll the one-year limitation period, the petitioner must show that he has pursued his rights diligently and that extraordinary circumstances impeded his efforts. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (stating the applicant bears the burden of demonstrating entitlement to equitable tolling); *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (setting forth additional factors such as the petitioner's lack of notice of the filing requirement, absence of prejudice to the respondent, and the petitioner's reasonableness in remaining ignorant of the filing requirement).

10) Cureton argues the court should excuse the late filing of this petition because he has been wrongfully convicted, i.e., the trial court seated a partial juror; the police used an overly suggestive line up; Cureton was not permitted to represent himself at trial; and trial counsel was ineffective. Cureton further argues the twenty-year sentence he received on a nonviolent conviction is excessive. Cureton offers no other explanation for the lateness of his petition, other than the disadvantage of a layman in the law.

11) The magistrate judge concludes this petition fails to provide a basis for equitable tolling. The Court of Appeals for the Sixth Circuit has cautioned that equitable tolling should be "applied sparingly." *Dunlap*, at 1008. A prisoner's disadvantaged circumstances generally, including the complaint of an unjust jury verdict, difficulties in prison life, and ignorance of the

law, do not provide legal justification for excusing the limitation period. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

12) The magistrate judge thus concludes no extraordinary circumstance excuses Cureton's lack of diligence or otherwise warrants applying the doctrine of equitable tolling in this case.

### III. RECOMMENDATION

The magistrate judge recommends dismissing the petition for failure to file with in the one-year limitation period, § 2244(d)(1), and for failure to show circumstances which support equitably tolling the limitation period.

### IV. CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation in this matter, it must determine whether to certify an appeal under 28 U.S.C. § 2253. In order to appeal the denial of a petition, § 2253 requires a habeas petitioner to make a substantial showing of the denial of a constitutional right. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The magistrate judge concludes no reasonable jurist could find debatable the conclusion that the petition is time-barred and that the circumstances in this case do not warrant equitably tolling the one-year

limitation period. The magistrate judge will therefore recommend denying a certificate of appeal.

DATE: January 28, 2010

*James D. Moyer*
**James D. Moyer**
**United States Magistrate Judge**

## NOTICE

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.

Copies to:  Counsel of Record
            Magistrate Judge James D. Moyer