**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 09-268-C**

**ROLAND L. CURETON,**                     **PETITIONER,**

**V.**      **MEMORANDUM OPINION AND ORDER**

**DAVE DONAHUE, WARDEN,**               **RESPONDENT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the report and recommendation of U.S. Magistrate Judge James D. Moyer (R. 13). The petitioner, Roland L. Cureton, has filed a "Response to Motion" (R. 14), which the court construes as objections to Judge Moyer's report and recommendation, and a motion for oral argument.

The court has reviewed the record de novo in light of Cureton's objections. *See Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). The court will adopt Judge Moyer's report and recommendation – with the addition of the analysis below – and deny Cureton's motion for oral argument. *Id*.

**I. CURETON'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Judge Moyer recommends dismissing Cureton's petition for a writ of habeas corpus because the petition is time-barred, statutory tolling provisions do not apply, and the petition does not support equitable tolling of the limitation period. R. 13 ¶¶ 6-12. Cureton objects to the recommendation because, he claims, he does not know the rules of court but has worked diligently and avidly on the matter. R. 14 at 1.

With respect to statutory tolling, Cureton's lack of legal skills and his claimed diligence in pursuing his rights do not provide a basis for tolling the limitation period. *See* 28 U.S.C. § 2244(d)(2).

With respect to equitable tolling, Cureton must demonstrate not only that he diligently pursued his rights, but also that extraordinary circumstances exist. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Even if the court were to assume that Cureton diligently pursued his rights, Cureton's only argument that could be construed to support extraordinary circumstances is that he is ignorant of the law. The Sixth Circuit has rejected that argument. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Cureton, therefore, fails to make a showing of extraordinary circumstances.

In his objections, Cureton specifies seven substantive points of error regarding the conduct of his state court case. R. 14 at 2. The court does not consider those points of error because they are time-barred.

## II. CURETON'S MOTION FOR ORAL ARGUMENT

The court denies Cureton's motion for oral argument because such argument would not assist in the resolution of the case. The fact issues that Cureton presents in his petition are time-barred, and the Warden's motion to dismiss presents only issues of law. The Warden, therefore, has no obligation to present Cureton for a hearing. *See* 28 U.S.C. § 2243.

## III. CONCLUSION

For the foregoing reasons, the court will dismiss Cureton's petition for a writ of habeas corpus. A separate judgment will issue.

Signed on August 12, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**